IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER R. STEWART :
:
Petitioner :
:
v. : CIVIL ACTION NO. WDQ-06-3275
:
COUNTRYWIDE HOME LOANS :
:
Defendant :
..oOo..

## MEMORANDUM

Before the Court is a pro se complaint filed by Christopher R. Stewart, an inmate at the Roxbury Correctional Institution, seeking to enjoin foreclosure on his house located in Edgewood, Maryland. He also requests award of damages against Countrywide Home Loans. Stewart generally alleges that he has been denied his right to due process under the Fourteenth Amendment, claiming to have received notice of forfeiture on November 30, 2006, just prior to the scheduled December 6, 2006, forfeiture date.

By alleging that the corporate defendant has violated his rights guaranteed under the Fourteenth Amendment of the Constitution, Stewart is essentially invoking the civil rights statute found at 42 U.S.C. § 1983. The Fourteenth Amendment is made applicable to the states, but not to corporate entities or individuals. Consequently, to maintain an action under §1983, the challenged conduct must have been committed by a "person" acting under the color of state law. *See Parratt v. Taylor*, 451, U.S. 527 (1981); *American Manufacturers Mutual Insurance Company v. Sullivan*, 526 U.S. 40, 49 (1999) (holding that to state a cause of action for relief under § 1983, a plaintiff must show deprivation of a right secured by the Constitution or laws of the United States, and that the

claimed deprivation was conducted under color of state law).

The actions about which Plaintiff complains were not committed by persons acting under the color of state law. Instead, they involve conduct by private actors. For this reason, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.[1] A separate order follows.

January 16, 2007
Date

William D. Quarles, Jr.
United States District Judge

---

[1] This dismissal is without prejudice to any causes of action Plaintiff may have otherwise in the state courts.

2